IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN PAUL PLEGER                    )
                                    )
            Plaintiff,              )
                                    )
    -vs-                            )          Civil Action 20-261E
                                    )
KILO KIJAKAZI,[1]                   )
                                    )
            Defendant.              )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

## Synopsis

John Paul Pleger ("Pleger") seeks review of a decision denying his claim for
social security benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Pleger
alleges an onset of disability beginning on June 7, 2017. (R. 15) Following a hearing
during which both Pleger and a vocational expert ("VE") appeared and testified, the ALJ
denied benefits. Ultimately this appeal followed. The parties have filed Cross Motions
for Summary Judgment. *See* ECF Docket Nos. 16 and 18. The matter is now ripe for
disposition.

## Opinion

1. Standard of Review

---

[1] Kilo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule
25(d) of the Federal Rules of Civil Procedure, Kilo Kijakazi should be substituted, therefore, for Andrew
M. Saul as the Defendant in this suit. No further action need be taken to continue this suit by reason of
the last sentence of section 205(g) of the Social Security Act, 42 U.S.C §405(g).

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.*  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I

may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must

defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are

supported by substantial evidence, I am bound by those findings, even if I would have

decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S.

Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

The ALJ denied benefits at the fifth step of the analysis. More specifically, at step

one, the ALJ found that Pleger has not engaged in substantial gainful activity since the

alleged onset date. (R. 17) At step two, the ALJ concluded that Pleger suffers from the

following severe impairments: degenerative joint disease of the lumbar spine with

radiculopathy, asthma, and obesity. (R. 17) At step three, the ALJ determined that

Pleger did not have an impairment or combination of impairments that meets or

medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1. (R. 18) Between steps three and four, the ALJ decided that Pleger had the

residual functional capacity ("RFC") to perform sedentary work with certain restrictions.

(R. 18-21) At the fourth step of the analysis, the ALJ concluded that Pleger was unable

to return to his past relevant work. (R. 21) Ultimately, at the fifth step of the analysis, the

ALJ concluded that, considering Pleger's age, education, work experience, and RFC,

jobs exist in significant numbers in the national economy that he could have performed.

(R. 22-23)

III. Discussion

Pleger raises several challenges to the ALJ's findings. Among them, he contends that the ALJ erroneously attributed a finding regarding the ability to perform a job where he could sit, or be up and down, to Dr. Kanter, Pleger's neurosurgeon. Indeed, in formulating the RFC, the ALJ stated that he "considered the opinions of the state agency consultant, Dr. Acadio Hernandez, the claimant's treatment provider, Dr. Adam Kanter, M.D., as well as the opinion detailed in the functional capacity evaluation." (R. 21). He then stated:

> Dr. Kanter opined that there was nothing from a surgical standpoint that would prevent the claimant from returning to work with regard to his fusion or hardware issues (13F), which is overall persuasive; however, whether the claimant is able to work is an issue reserved to the Commissioner (20 CFR 404.1527(d)). *Dr. Kanter also opined, though, that the claimant could perform a job where he can sit or be up and down, which, for the reasons explained in this decision, is both supported by and consistent with the overall evidence of record, and is therefore persuasive.*

(R. 21) (emphasis added). Significantly, however, Dr. Kanter *did not* opine that Pleger "could perform a job where he can sit or be up and down." Instead, Elise Sommers, a physician's assistant affiliated with Seneca Medical Center, Pleger's primary care group, recorded that notation in medical records. (R. 808).

Further, I note that the ALJ found "that the functional capacity evaluation performed in 2018 is not persuasive because it is not consistent with or supported by the overall evidence of record." (R. 21). This appears to be the FCE that Elise Sommers was reviewing in noting that Pleger could perform a job where he "can sit or be up and down." (R. 808). That is, the ALJ rejected the documentation supporting Sommers' conclusion, yet found persuasive Sommers' conclusion although he attributed this finding to the neurologist.

4

This causes me pause. In assessing the "opinion evidence," the ALJ makes no mention of anything proffered by Seneca Medical Center. Nor does he reference Elise Sommers. Contrary to the Defendant's contention, this does not amount to a scrivener's error. "'A scrivener's error is a transcription error or a typographical error.'" *Amy A. v. Kijakazi*, Civ. No. 20-7655, 2021 WL 5864063, at * 5 (D.N.J. Dec. 10, 2021), *quoting*, *Hudson v. Astrue*, Civ. No. 10-405, 2011 WL 4382145, at * 4 (D.N.H. Sept. 20, 2011). "'In the context of social security cases, errors in ALJ decisions have been excused as mere scrivener's errors when the ALJ's intent was apparent.'" *Amy A.*, 2021 WL 584603 at * 5, *quoting, Hudson*, 2011 WL 4382145 at * 4.

Here, the ALJ's erroneous attribution of the "sit / stand" statement to a physician whose opinion he found "persuasive" when it was, in fact, a statement in medical records from an entirely different medical practice, precludes this Court from understanding the ALJ's intent – particularly when the statement appears to have been based upon a FCE which the ALJ rejected. Concluding that the ALJ's attribution in this regard was a mere scrivener's error "would require this Court to improperly speculate about the ALJ's intent." *Id*. Further, for the reasons set forth above, the Court cannot conclude that the ALJ's error in this regard is harmless.

For these reasons, this Court concludes that remand of the matter for further consideration is appropriate.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN PAUL PLEGER                           )
                   Plaintiff,           )
    -vs-                                   )           Civil Action No. 20-261E
                                  )
KILO KIJAKAZI,                             )
                                  )
        Defendant.                       )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 24th day of January, 2022, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 16) is GRANTED and the Motion for Summary Judgment (Docket No. 18) is DENIED. This Court REVERSES the Commissioner's decision and REMANDS the matter for further proceedings consistent with this Opinion. It is further ORDERED that the Clerk of Courts mark this case "Closed" forthwith.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge